## United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 794 | **DATE** | 5/14/2001 |
| **CASE TITLE** | United States of America vs. Jorge Ramos-Gonzalez | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant has filed a pro se motion to dismiss the indictment. That motion is denied. Status hearing set for May 16, 2001 at 9:45am. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed MAY 15 2001 | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail A 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| WAH courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

ED-7 FILED FOR DOCKETING 01 MAY 14 PM 2:48

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 00 CR 794 |
| | ) | |
| JORGE RAMOS-GONZALEZ | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
MAY 1 5 2001

## MEMORANDUM OPINION AND ORDER

Defendant has filed a *pro se* motion to dismiss the indictment. That motion is denied.

Defendant contends that he should not be prosecuted for violation of 8 U.S.C. §1326(A)(2), re-entry of a deported alien without the express consent of the Attorney General, a deportation which the government contends was after conviction for commission of an aggravated felony. He is no stranger, apparently, to the criminal justice system or to the criminal laws relating to illegal re-entry. According to United States v. Gonzalez, 112 F.3d 1325 (7th Cir. 1997), he has three felony convictions and four deportations. His last deportation followed his release from prison after serving his sentence for conviction of a drug offense and for illegal entry after conviction for commission of an aggravated felony, the same offense charged here. When he was deported the last time he was, according to a copy of a Form I-294, expressly warned that illegal entry could result in a sentence of imprisonment for a period of from 2 to 20 years.

Nevertheless, defendant now claims that because he was told at the last sentencing that he could not return and, if he did, he had to report his return to his probation officer, but not that he would be subject to additional criminal penalties, he is answerable only for a violation

of supervised release. A claim that he was misled is incredible (and he does not, apparently, claim he was misled, only that the information given to him was misleading), but we do not rest on that. The case upon which defendant relies, United States v. Aquino-Chacon, 109 F.3d 946 (4th Cir. 1997), recognizes that the entrapment by estoppel concept is narrow indeed and is limited to circumstances in which the government has assured the defendant that certain conduct is lawful, and that it is enough that the statute provides clear notice of unlawful conduct. There was no active misleading here, and the statute itself provides clear notice.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 14, 2001.